09-2505-ag
Huang v. Holder

BIA
A074 234 675

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of May, two thousand eleven.

PRESENT:
> ROGER J. MINER,
> ROBERT D. SACK,
> REENA RAGGI,
>> *Circuit Judges.*

_____

YUAN ZEE HUANG, a.k.a. YONG ZHI HUANG,
> *Petitioner,*

> v.  09-2505-ag
> NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:  Michael Brown, New York, New York.

FOR RESPONDENT:  Tony West, Assistant Attorney General; Emily Anne Radford, Assistant Director; Christopher P. McGreal, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yuan Zee Huang, a native and citizen of the People's Republic of China, seeks review of a May 28, 2009 order of the BIA denying his motion to reopen. *In re Yuan Zee Huang*, No. A074 234 675 (B.I.A. May 28, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Generally, we review the BIA's denial of Huang's motion to reopen for abuse of discretion, mindful that such motions are disfavored. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). In this case, however, the fugitive disentitlement doctrine arguably applies. *See generally Nen Di Wu v. Holder*, 617 F.3d 97, 100-01 (2d Cir. 2010); *Gao v. Gonzales*, 481 F.3d 173, 175-77 (2d Cir. 2007). On September 8, 1998, the former Immigration and Naturalization Service ("INS") sent via certified mail, return receipt requested, a notice to Huang directing him to surrender for deportation on October 16, 1998. Huang did not claim the notice or surrender as directed but instead filed a motion to reopen

2

over ten years later.  In an affidavit submitted with his motion to reopen, Huang did not deny receiving the surrender notice but asserted that he "decided to stay in the U.S. and wait for a new opportunity to adjust [his] immigration status."  Although Huang now contends that the surrender notice was not delivered, he offers no evidence to overcome the presumption of delivery that we ordinarily accord to notices sent via certified mail in immigration proceedings, *e.g.*, *Lopes v. Gonzales*, 468 F.3d 81, 85 (2d Cir. 2006) (notice of removal hearing), even where such notice is returned unclaimed, *see Fuentes-Argueta v. INS*, 101 F.3d 867, 871-72 (2d Cir. 1996).[1]

We need not decide whether to exercise our equitable discretion pursuant to the fugitive disentitlement doctrine because, in any event, there is no merit to Huang's petition.  An alien may file only one motion to reopen and must do so within 90 days of the final administrative decision.  8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2).

---

[1] As the government notes, a copy of the surrender notice was also sent, and successfully delivered, to Huang's last counsel of record.  Counsel represented Huang before the Immigration Court, but Huang proceeded *pro se* before the BIA.  Thus, it is unclear whether counsel would have been in a position to inform Huang of his obligation to surrender.

Although Huang's motion was indisputably untimely, there is no time or numerical limitation if the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in finding that the birth of Huang's U.S. citizen son, as well as his alleged practice of Falun Gong in the United States, constituted a change in his personal circumstances, rather than a change in country conditions sufficient to excuse the untimely filing of his motion to reopen. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169-72 (2d Cir. 2008); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

With respect to Huang's claim based on his alleged violation of the family planning policy, he abandoned any challenge to the BIA's dispositive finding that he failed to establish changed country conditions by not raising the issue in his brief to this court. *See Zhang v. Gonzales*, 426 F.3d 540, 546 n.7 (2d Cir. 2005).

With respect to Huang's Falun Gong claim, there is no merit to his argument that "while it is true that the authorities launched [their] campaign of crackdown on Falun Gong several years ago," he could establish changed country

4

conditions "so long as the authorities['] *continuous suppression* bears a material relationship to [his] successive asylum claim." Pet'r's Br. 20-21 (emphasis added). To the contrary, the plain language of the regulation required Huang to demonstrate a material *change* in country conditions since the time of his hearing. 8 C.F.R. § 1003.2(c)(3)(ii). The BIA also reasonably declined to credit an unauthenticated notice, purportedly issued by the village committee in Huang's hometown in China, based on the Immigration Judge's underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5